**UNITED STATES, Appellee,**

v.

**Private (E–2) Reginald D. CARTER, 333–60–7780, United States Army, Appellant.**

**CM 443706.**

U.S. Army Court of Military Review.

24 Jan. 1985.

Lieutenant Colonel William P. Heaston, JAGC, argued the cause for the appellant. With him on the brief were Major Edwin D. Selby, JAGC, and Captain Claudio F. Gnocchi, JAGC.

Captain Thomas J. Benjamin, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, Captain Samuel J. Rob, JAGC, and Captain Garreth E. Shaw, JAGC.

Before PAULEY, COHEN, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

PAULEY, Judge:

The appellant was convicted by a military judge sitting as a general court-martial of robbery and possession of hashish in violation of Articles 122 and 134, Uniform Code of Military Justice.[1] He entered pleas of guilty to the former and not guilty as to the latter. The sentence was a dishonorable discharge, confinement at hard labor for twenty-two months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for twenty-two months with that portion in excess of fifteen months suspended for fifteen months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

The appellant generally contends that Major General Anderson, the Commanding General of the 3d Armored Division and convening authority, was disqualified to take the review and action in this case; that he was denied a fair sentencing proceeding because of unlawful command in-

fluence; that the convening authority failed to grant administrative credit for time spent in pretrial confinement; that the appellant was denied a fair forum because of the lack of judiciousness of the convening authority and that appellant was denied his right to the effective assistance of counsel during the sentencing portion of his trial.

■ In *United States v. Treakle,* 18 M.J. 646 (ACMR 1984), this Court considered *en banc* the issue of unlawful command influence in the 3d Armored Division and determined that Article 37, Uniform Code of Military Justice, had been violated. For the reasons stated in *Treakle,* we must find that General Anderson is not disqualified to act as the convening authority in the referral process of appellant's case. However, we do need to determine, as we did in *Treakle,* whether Private Carter might have been deprived of favorable character evidence by this unlawful command influence.

■ The appellant admitted, after police investigation and identification at a lineup, to robbery of a German citizen. The appellant was aided by two confederates. During an inventory of his personal property, an amount of hashish was discovered and became the subject of the other charge in this case. Faced with the robbery charge, which could have resulted in punishment that might have included ten years confinement at hard labor, Private Carter entered into a pretrial agreement with the convening authority. He requested, in writing, to be tried before military judge alone and after the requisite discussion with the military judge persevered with that request. It is clear that the appellant predicated the forum for his trial and his election to plead guilty upon matters other than an issue of unlawful command influence. Accordingly, we find the providence of Private Carter's plea to be unaffected by the presence of unlawful command influence. *See United States v. Yslava,* 18 M.J. 670 (ACMR 1984) (en banc).

1. 10 U.S.C. §§ 922 and 934 (1982).

█ As to the contested offense in this case, we note that no character witnesses appeared on the appellant's behalf. We cannot conclude that character evidence would have been inadmissible, and we will not speculate as to what effect, if any, favorable character evidence might have had on the military judge as the trier of fact. *United States v. Abelon*, 19 M.J. 767 (ACMR 1984). The record provides no explanation for the absence of character evidence. Under these circumstances, we cannot affirm the finding of guilty of the offense to which the appellant pleaded not guilty. *United States v. Thompson*, 19 M.J. 690 (ACMR 1984); *United States v. Schroeder*, 18 M.J. 792 (ACMR 1984). While a rehearing on this charge and specification would not be inappropriate, we believe that, considering the relative seriousness of the two offenses and the interests of judicial economy, we will dismiss this charge and specification.

█ During the sentencing portion of the trial only the appellant appeared as a witness for the defense. Once pervasive unlawful command influence of potential witnesses has been established, as was the case in the 3d Armored Division, and the record of trial provides no explanation for the nonappearance of defense witnesses, we will presume that favorable witnesses have been influenced, to the prejudice of the appellant. *United States v. Schroeder, supra.* The record in this case does provide an explanation but we find it to be inadequate.

In a letter to appellate defense counsel, the appellant's trial defense counsel states that he had interviewed potential character witnesses whose names had been provided by Private Carter, that he "had a group of them standing by in the hallway" at time of trial, but did not present their testimony as a matter of tactics. The appellant, by affidavit, states that he gave the names of Sergeant First Class (SFC) Davis and Staff Sergeant Carter to his counsel prior to trial as persons that he wanted to testify in his behalf. Appellate defense counsel contact-

ed SFC Davis who stated in an affidavit that Private Carter had asked him to be a character witness at his trial and he had agreed to so appear. He further stated that he was never contacted by anyone as to his availability or willingness to appear as a witness. Staff Sergeant Carter is no longer on active duty and could not be located by appellate defense counsel. The letter of trial defense counsel further states: "... I thought it would do more harm than good to put on some witnesses who would say his duty performance and conduct on duty, *before he went AWOL* was satisfactory." (Emphasis supplied.) The offense of absence without leave (AWOL) was not involved in any way in appellant's case. It appears that his counsel may have confused appellant's case with that of another client. This possibility, coupled with the possibility that at least one of the two witnesses was not even interviewed, much less "standing by" at trial, diminishes the weight to be given to the trial defense counsel's explanation for the lack of defense character witnesses. We find that the record of trial does not provide an adequate explanation for the nonappearance of defense witnesses and we must presume, therefore, that favorable witnesses have been influenced, to the prejudice of the appellant. *United States v. Schroeder, supra.* We find that a rehearing on the sentence is required in this case.

We have considered the remaining assignments of error, to include those issues personally raised by appellant, and consider them to be without merit.

The findings of guilty of Charge II and its specification are affirmed. The findings of guilty of Charge III and its specification are set aside and that charge and specification are dismissed.[2] The sentence is set aside. A rehearing on the sentence may be ordered by a different convening authority.

Judge COHEN and Judge WERNER concur.

2. Charge I and its specification were dismissed by the military judge prior to pleas.