My Commission Expires April 8, 1987

UNITED STATES, Appellee,

v.

Sergeant Eddie C. SCOTT, 255–98–5602,
United States Army, Appellant.

SPCM 19277.

U.S. Army Court of Military Review.

18 Sept. 1985.

For Appellant: Colonel William G. Eckhardt, JAGC, Lieutenant Colonel William P. Heaston, JAGC, Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, Captain Harry L. Williams, JAGC, Captain Robert S. Johnson, Jr., JAGC, Captain Craig E. Teller, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, Captain Thomas J. Benjamin, JAGC, Captain Karen A. Charbonneau, JAGC, (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT
## ON REMAND

PER CURIAM:

Appellant, a member of the 11th Armored Cavalry Regiment and subject to the general court-martial jurisdiction of the Commander, V Corps, was charged with wrongful possession of marijuana with intent to distribute in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982). His case was referred to a special court-martial empowered to adjudge a bad-conduct discharge by Lieutenant General Williams, Commander, V Corps. Contrary to his pleas, appellant was convicted of the charged offense and sentenced by the military judge to a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $382.00 pay per month for three months, and reduction to the grade of Private E–1. On 5 April 1983, the acting commander of V Corps, Major General Anderson (then Commander, 3d Armored Division) approved appellant's adjudged sentence. On 3 January 1984 this court affirmed the findings and sentence in appellant's case. *United States v. Scott*, SPCM 19277 (ACMR 3 Jan. 1984). Before the United States Court of Military Appeals, appellant for the first time alleged that General Anderson was disqualified from taking action in appellant's case. On 21 May 1984, the Court of Military Appeals ordered this case remanded to this court for further review.

Appellant contends that General Anderson was disqualified from reviewing and acting on his case because the general attempted to discourage favorable character testimony for accused soldiers during their courts-martial.[1] Appellant maintains that such conduct by General Anderson impugned his ability as a convening authority

1. *See United States v. Treakle,* 18 M.J. 646 (A.C.M.R.1984) (en banc), *pet. granted,* 20 M.J. 131 (C.M.A.1985) and *United States v. Yslava,* 18 M.J. 670 (A.C.M.R.1984) (en banc), *pet. granted,* 19 M.J. 281 (C.M.A.1985), for a detailed discussion of the evidence relating to command influence in the 3d Armored Division during the time General Anderson was in command.

to fairly and impartially review the findings and sentence in appellant's case.

In *United States v. Yslava*, 18 M.J. 670 (A.C.M.R.1984) (en banc), *pet. granted*, 19 M.J. 281 (C.M.A.1985), this court observed that "[a]s the convening authority, General Anderson was required by law to review appellant's sentence and matters pertaining to clemency with an open mind. Appellant was entitled as a matter of right to an impartial initial review by an unbiased convening authority." *Id.* at 674 (citations omitted). Based on the evidence available at the time of that decision, this court was convinced that "General Anderson was not inelastically determined to approve a punitive discharge; consequently, he did not lack the requisite impartiality to perform the post-trial review function." *Id.* We now have been presented with additional circumstantial evidence which casts doubt on the accuracy of that holding.

Appellant has submitted an affidavit by Lieutenant Colonel Mark A. Mueller, who avers that he was contacted by General Anderson's staff judge advocate, Lieutenant Colonel John R. Bozeman, about having given favorable character testimony at a court-martial. Colonel Mueller states that Colonel Bozeman communicated General Anderson's displeasure with such testimony by a commander who had previously agreed that the accused should be court-martialed. Colonel Mueller's affidavit, which tends to merge indistinguishably with the great mass of evidence considered in *Treakle* and *Yslava*, is a highly questionable basis for distinguishing and thus avoiding the otherwise binding findings reached by the *en banc* court in those cases. However, we have additional evidence which is unquestionably significant.

Appellant has also submitted an affidavit from Major Michael A. Buchanan, a former subordinate of Colonel Mueller, who avers that while he was waiting with Colonel Mueller to testify at another court-martial, he was approached by Colonel Bozeman. Major Buchanan's affidavit, when read with the other evidence before us, indicates that Colonel Bozeman, upon learning that Colonel Mueller was waiting to give non-character evidence for the accused on the merits of the case, stated that both he and the "command" of the 3d Armored Division considered such testimony improper. This is grossly at odds with the picture of General Anderson which emerged from the evidence in *Treakle* and *Yslava*. The contrasting evidence about General Anderson's views cannot be harmonized.

■ Our analysis of this issue must begin with the proposition that General Anderson is presumed to have acted properly in the performance of his post-trial duties unless such presumption of good faith, regularity, and lawful conduct is neutralized. *See Wilkes v. Dinsman*, 48 U.S. (7 How.) 89, 12 L.Ed. 618 (1849); *United States v. Cruz*, 20 M.J. 873, 884–885, 886 n. 19 (1985) (en banc); 29 Am.Jur.2d *Evidence* § 171 (1967). "Mere possibilities cannot overcome the general presumption of regularity." *United States v. Cruz*, at 886.

■ Our evaluation of the evidence as it now exists convinces us that a reasonable person could conclude, under the totality of the circumstances, that General Anderson was inelastically predisposed to ignore defense evidence. Based on this conclusion, we find that appellant has now neutralized the presumption of regularity and raised a justiciable issue regarding General Anderson's disqualification to review and approve both the findings and sentence in appellant's case.

We must next determine whether the evidence of record before us is sufficiently complete to permit a resolution of the issue thus raised. In view of the conflicting evidence noted above, we find that it is not, and in this regard we consider a limited evidentiary hearing pursuant to *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967) to be the appropriate means of resolution. The burden of persuading the court that General Anderson possessed the requisite state of mind to perform the post-trial review function in appellant's case has now shifted to the government.

The record of trial is returned to The Judge Advocate General for transmission to a different convening authority for referral to a court-martial in which the military judge will hold a limited evidentiary hearing to determine, within the framework of this opinion, whether General Anderson was disqualified from reviewing and acting on appellant's case.

In the event the convening authority to whom this case is referred deems a limited hearing impracticable, he will set aside the action by General Anderson and perform a new review and action. The record of trial will then be returned to this court for further review.

If the convening authority determines a limited hearing is practicable, the military judge will hear the respective contentions of the parties, permit the presentation of witnesses and evidence, and enter findings of fact and conclusions of law with respect to the issue set forth above.

Upon completion of this hearing, if the military judge determines that General Anderson was disqualified to review and act on appellant's case, he will return the record to the convening authority who will set aside the action by General Anderson and perform a new review and action. The record of trial will then be returned to this court for further review. If the military judge determines that General Anderson was qualified to review and act on appellant's case, he will return the record to the convening authority who will forward the record to this court.