Specialist Four Harold W. CHAPEL, 451–84–5106, United States Army, Petitioner,

v.

UNITED STATES, Respondent.

MISC 1985/7 (CM 442719).

U.S. Army Court of Military Review.

24 Dec. 1985.

---

For Petitioner: Lieutenant Colonel William P. Heaston, JAGC, Lieutenant Colonel Arthur L. Hunt, JAGC, Lieutenant Colonel Paul J. Luedtke, JAGC, Major Jerry W. Peace, JAGC, Captain Rita R. Carroll, JAGC, Captain Alfred H. Novotne, JAGC (on brief).

For Respondent: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, Captain Dean C. Berry, JAGC, Captain Karen A. Charbonneau, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT AND ACTION ON PETITION FOR WRIT OF ERROR CORAM NOBIS

WOLD, Senior Judge:

Petitioner was tried on 13 May 1982 by a general court-martial comprised of a military judge sitting alone. Pursuant to his pleas, he was convicted of possession of marijuana in the hashish form with intent to distribute. He was sentenced to a bad conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to Private E–1. The convening authority, Major General Thurman E. Anderson, approved the sentence and this court affirmed the findings and sentence. *United States v. Chapel*, CM 442719 (A.C.M.R. 29 Sept. 1982). The sentence was ordered executed on 18 January 1983. On 24 August 1985, the Acting The Judge Advocate General of the Army denied a petition for a new trial. Petitioner then filed a writ of error coram nobis before this court, asking us to set aside his conviction and dismiss the charge and specification. We ordered the government to show cause and the government joined the issue by filing

an answer opposing the writ. Subsequently, we received additional appellate exhibits and engaged in further proceedings discussed below.

Petitioner contends that he was denied a fair trial because of attempts by the convening authority, Major General Thurman E. Anderson, to exercise unlawful command influence over the court-martial process within the 3d Armored Division.[1] In essence, he argues that comments made by General Anderson at various gatherings of members of the command were construed by those members as discouraging favorable character testimony once a recommendation had been made for trial by a court-martial empowered to adjudge a punitive discharge. The dissemination of these viewpoints, appellant contends, resulted in the creation of a climate wherein he could not receive a fair trial. Petitioner's contentions are also broad enough to include the assertion that General Anderson was disqualified to perform the initial review of his case.

■■■ We turn first to the availability of extraordinary relief in cases such as this one where the normal appellate processes have terminated. Although the provisions of Article 76, Uniform Code of Military Justice, 10 U.S.C. § 876, indicate that appellate review of such a case is final and conclusive, it is well-established that we have jurisdiction to entertain a petition for a writ of error coram nobis under 28 U.S.C. § 1651(a). *Del Prado v. United States*, 48 C.M.R. 748 (C.M.A.1974); *United States v. Frischolz*, 36 C.M.R. 306 (C.M.A.1966). The relief afforded thereby is not limited by time with respect to facts which affect the validity and regularity of a judgment. *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Thus, the availability of this form of extraordinary relief is not terminated by the exhaustion of all appellate rights and procedures established under the Uniform Code of Military Justice, nor does termination of the individual's amenability to court-martial processes deprive this court of the power to grant relief. *Del Prado*, 48 C.M.R. at 749.

■■■ Nevertheless, coram nobis is not a substitute for an appeal. It is an extraordinary remedy predicated on exceptional circumstances not apparent to the court in its original consideration of the case. *Frischolz*, 36 C.M.R. at 309. In order to obtain relief, a petitioner must establish an error which was unknown to him at trial and during appeal and the error must be of such a fundamental nature as to render the proceeding itself irregular and invalid. *Morgan*, 346 U.S. at 505–13, 74 S.Ct. at 249–253. Moreover, "the burden rests on the accused to show [that the proceedings were incorrect.]" *Morgan*, 346 U.S. at 512, 74 S.Ct. at 253. Society has a strong interest in preserving the finality of judgments and providing an end to appellate review. Therefore, the standard for obtaining relief through a writ of error coram nobis is more stringent than the standard applicable on direct appeal. As a result, an error which would justify relief during normal appellate review will not necessarily trigger coram nobis relief. *United States v. Gross*, 614 F.2d 365, 368 (3d Cir.), *cert. denied*, 447 U.S. 925, 100 S.Ct. 3019, 65 L.Ed.2d 1118 (1980).

■■■ In the instant case, we will accept the proposition that the asserted errors were not known to petitioner either at his trial or during the course of his direct appeal. Certainly, appellant's conclusory assertions that unlawful command influence denied him a fair trial would, if true, constitute error of a fundamental nature and render the proceedings irregular and invalid. Petitioner has, however, failed to sustain the burden of showing that his case was affected by the alleged errors.

On 7 October 1985, and again on 20 November 1985, this court invited petitioner to "particulariz[e] the manner in which his

1. The facts and circumstances surrounding these allegations of command influence are set forth in this court's decisions in *United States v. Treakle*, 18 M.J. 646 (A.C.M.R.1984), *pet. granted*, 20 M.J. 131 (C.M.A.1985) and *United States v. Yslava*, 18 M.J. 670 (A.C.M.R.1984), *pet. granted*, 19 M.J. 281 (C.M.A.1985).

court-martial was adversely affected by the conduct of the convening authority."[2] In response, petitioner has stated that he has no evidence of any particularized prejudice. The evidence before the court in this case is the same evidence we considered in *United States v. Anderson,* 21 M.J. 670 (A.C.M.R.1985) and *United States v. Scott,* 20 M.J. 1012 (A.C.M.R.1985). As we held in *Anderson,* that evidence is insufficient to raise the issue of unlawful command influence in a given case unless it is supplemented by evidence which particularizes the manner in which that case was adversely affected by the conduct of the convening authority. Such evidence is precisely what we have requested petitioner of produce and is precisely what petitioner has failed to provide. Since petitioner would have failed to raise the issue of unlawful command influence on direct review, it is doubly clear that he has failed to qualify for relief in the form of a writ of error coram nobis on the ground of unlawful command influence.[3]

■ The final matter for our consideration centers on General Anderson's status as reviewing authority. General Anderson performed the initial review in this case, as he did in *United States v. Scott, supra.* Based on the same evidence which is before us here, we determined in *Scott* that the appellant had "raised a justiciable issue regarding General Anderson's disqualification to review and approve both the findings and sentence in appellant's case." *Id.* at 1014. We then ordered an evidentiary

hearing to resolve the issue. However, *Scott* held only that the issue of disqualification had been raised and that an evidentiary hearing was needed to resolve the dispute. It does not follow from this conclusion that the evidence is sufficient to justify coram nobis relief. In order for petitioner to succeed, he must persuade the court that General Anderson was in fact disqualified, not merely raise that issue. *See Gross,* 614 F.2d at 368.[4] As was the case in *Scott,* we are not so persuaded by the evidence before us.

In sum, we simply are not convinced by the evidence before us that petitioner's court-martial was a miscarriage of justice or that errors of such a fundamental magnitude were committed that the court-martial process here was rendered irregular and invalid. The petition is therefore denied.

Judge FELDER concurs.

NAUGHTON, Judge, concurring:

I agree with the majority that petitioner's failure to particularize any prejudice he may have suffered as a result of General Anderson's actions is a sufficient basis justify denying corum nobis relief.[1] Similarly, petitioner has not presented sufficient evidence to persuade the court that General Anderson was, in fact, disqualified to take final action in petitioner's case. Moreover, even though I may disagree with some of the holdings in *United States*

2. *See Silas v. United States,* 21 M.J. 108 (C.M.A. 1985) (interlocutory order), *petition for extraordinary relief denied,* 21 M.J. 295 (C.M.A.1985) (order).

3. In addition, petitioner presented favorable character evidence from five supervisors from his battery, a captain and four noncommissioned officers. During the two years preceding petitioner's court-martial, each of the noncommissioned officers had served at one time as petitioner's direct supervisor. The captain had supervised petitioner on six separate field problems and stated that petitioner had done "very good work" as a forward observer. The appearance of these witnesses is strong evidence for a finding that no potential witnesses were in fact

influenced in this case. *Cf. United States v. Arthurs,* 21 M.J. 686 (A.C.M.R.1985).

4. This is true even though an appellant pursuing a direct appeal would, on the same evidence, be granted at least an evidentiary hearing on the matter. This seeming anomaly illustrates the different standards of review to which we alluded above.

1. Any proceeding which is challenged by the extraordinary writ of coram nobis is presumed to be correct and the burden rests upon the accused to show otherwise. *United States v. Morgan,* 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954).

*v. Cruz* and *United States v. Treakle,*[2] I agree that Senior Judge Wold has correctly articulated those holdings in *United States v. Anderson,* 21 M.J. 670 (A.C.M.R.1985) and correctly applied them to the case at bar in determining that petitioner would also have failed to raise the issue of unlawful command influence on direct review.

---

**2.** *See United States v. Cruz,* 20 M.J. 873, 894 (A.C.M.R.1985) (en banc) (Naughton, J., dissenting) and *United States v. Treakle,* 18 M.J. 646, 661 (A.C.M.R.1984) (en banc) (Naughton, J., concurring), *pet. granted,* 20 M.J. 131 (C.M.A.1985).