**UNITED STATES, Appellee,**

v.

**Private (E-2) Jeffrey A. RYAN 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, United States Army, Appellant.**

**CM 442852.**

U.S. Army Court of Military Review.

24 Dec. 1985.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Captain Thomas J. Feeney, JAGC, Captain Jesse W. Bendahan, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, Captain Thomas J. Benjamin, JAGC, Captain Diana Moore, JAGC (on brief).

Before WOLD, FELDER and NAUGHTON, Appellate Military Judges.

**OPINION OF THE COURT ON REMAND**

WOLD, Senior Judge:

On 16 and 20 April 1982, appellant was tried by a military judge sitting as a general court-martial at Butzbach, Germany. Pursuant to a pretrial agreement submitted by appellant on 1 April 1982 and accepted on 14 April 1982 by the convening authority, Major General Thurman E. Anderson, appellant pleaded guilty to rape, in violation of Article 120, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 920 (1976). The military judge sentenced appellant to a dishonorable discharge, confinement at hard labor for ten years, forfeiture of all pay and allowances, and reduction to the grade of Private E-1. General Anderson approved the adjudged sentence on 29 June 1982. In *United States v.*

*Ryan,* CM 442852 (A.C.M.R. 19 Jan. 1983) (unpub.), this court affirmed the findings and sentence. In a petition to the United States Court of Military Appeals, appellant raised for the first time an allegation involving a violation of Article 13, UCMJ, 10 U.S.C.A. § 813, whereupon the Court of Military Appeals remanded the case to this court for further review. In *United States v. Ryan,* CM 442852 (A.C.M.R. 12 Jul. 1983) (unpub.), this court again affirmed the findings and sentence in appellant's case. Appellant then filed additional pleadings with the Court of Military Appeals in which for the first time he alleged unlawful command influence by General Anderson.[1] Upon motion of the government, the Court of Military Appeals again remanded appellant's case to this court for further review.

Appellant contends, *inter alia,* that General Anderson was disqualified to refer the charges to trial or to take initial action on the case, and that he was deprived of favorable character witnesses and thereby denied a fair sentencing hearing. We are satisfied that General Anderson was not disqualified to refer appellant's case to trial. *See United States v. Treakle,* 18 M.J. at 654–55. The resolution of the remaining matters is controlled by *United States v. Cruz,* 20 M.J. 873 (A.C.M.R.1985), and other relevant precedents.

The extenuation and mitigation evidence in appellant's case consisted of a letter of apology to the victim which was read as the appellant's unsworn statement, a stipu-lation of expected testimony from a gasthaus owner concerning the victim, and a stipulation of expected testimony from a German policeman concerning the appellant's actions at the scene of the incident. The record is silent as to whether appellant had any military character witnesses who would testify favorably for him or whether any such witnesses had been discouraged from so testifying. To support his contention that the sentencing proceedings in his court-martial were affected by General Anderson's actions, appellant has presented us with the evidence which this court considered in its decisions in *United States v. Treakle* and *United States v. Yslava,* 18 M.J. 670 (A.C.M.R.1984) (en banc), *pet. granted,* 19 M.J. 281 (C.M.A.1985). We have also considered additional circumstantial evidence in the form of affidavits from Colonel John R. Bozeman, Lieutenant Colonel Mark A. Mueller, and Major Michael A. Buchanan which were not available at the time of those decisions.[2]

Since appellant's case involves essentially the same evidence and the same contentions which were before us in *United States v. Anderson,* 21 M.J. 670 (A.C.M.R. 1985), our disposition will be consistent with those cases.[3] As was the case in *United States v. Anderson,* we find the evidence of record insufficient to raise a justiciable issue that actual unlawful command influence affected appellant's sentencing proceedings and we find no appearance that

1. *See United States v. Treakle,* 18 M.J. 646 (A.C. M.R.1984) (en banc), *pet. granted,* 20 M.J. 131 (C.M.A.1985) and *United States v. Yslava,* 18 M.J. 670 (A.C.M.R.1984) (en banc), *pet. granted,* 19 M.J. 281 (C.M.A.1985), for a detailed discussion of the evidence relating to command influence in the 3d Armored Division during the time General Anderson was in command.

2. *See United States v. Scott,* 20 M.J. 1012 (A.C.M. R.1985) for a discussion of this evidence. Although the affidavit of Major Michael A. Buchanan has not been filed in this case, we take judicial notice of that affidavit, filed with us in *United States v. Scott, supra. See United States v. Surry,* 6 M.J. 800 (A.C.M.R.1978), *pet. denied,* 7 M.J. 62 (1979).

3. As to any effect that General Anderson's actions may have had on appellant's plea decision, our examination of the evidence of record convinces us that the validity of appellant's plea of guilty remains unaffected. Appellant has not yet raised the issue of a prejudicial denial of witnesses; since this is the only means through which the validity of his plea could have been affected, it follows that there is no cause for concern on that score. Moreover, the record of trial reflects a potentially strong government case, a favorable plea bargain, and a searching inquiry by the military judge into appellant's plea of guilty. We are satisfied that appellant's plea of guilty was a knowing, intelligent, and voluntary act which was properly accepted by the military judge. *See United States v. Care,* 40 C.M.R. 247 (1969); *United States v. Treakle,* 18 M.J. at 657–58.

General Anderson's actions had a prejudicial effect on appellant's trial.

In addition to the factors discussed in *United States v. Anderson,* the timing of appellant's trial also requires us to deny appellant relief based on his claim of deprivation of witnesses. General Anderson assumed command of the 3d Armored Division on 19 February 1982. Appellant's case was referred to trial by General Anderson on 22 February 1982 and trial was held on 16 and 20 April 1982. General Anderson began the series of command lectures at which he addressed military justice subjects on 13 April 1982. It was during this series of lectures that some of his audience interpreted his remarks to be discouraging favorable character testimony for accused soldiers. Because appellant was tried so soon after General Anderson's first military justice lecture, we are satisfied that trial defense counsel's preparation for trial was essentially complete, including interviews of all relevant potential witnesses. Any effect of General Anderson's comments on appellant's witnesses would have been apparent at the trial, at least in retrospect. We believe that if there had been such an effect in appellant's case, appellant would have brought the circumstances to our attention by now. Nevertheless, if there is any such evidence, we stand ready to hear it and take appropriate action.[4]

The record of trial is returned to The Judge Advocate General for transmission to a different convening authority to take action in accordance with our decision in *United States v. Scott.*

Judge FELDER concurs.

NAUGHTON, Judge, concurring:

See my concurring opinion in *United States v. Anderson,* 21 M.J. 670 (A.C.M.R. 1985).

---

**4.** If appellant has anything further to offer he may petition this court for permission to submit it in connection with a request for reconsideration. *See* Rule 20, CMR Rules of Practice and Procedure.