**UNITED STATES, Appellee,**

v.

**Specialist Five (E–5) Joseph SURRY, III, SSN 435–84–3867, United States Army, Appellant.**

**CM 437359.**

U. S. Army Court of Military Review.

29 Dec. 1978.

Colonel Edward S. Adamkewicz, Jr, JAGC, Major Benjamin A. Sims, JAGC, Captain Willard E. Nyman, III, JAGC, and Captain Richard E. Connell, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Robert B. Williams, JAGC, and Captain Stephen D. Smith, JAGC, were on the pleadings for appellee.

Before FULTON, TALIAFERRO and WATKINS, Appellate Military Judges.

OPINION OF THE COURT

FULTON, Senior Judge:

Charged with the wrongful introduction of heroin and marijuana into a military

---

installation and with the wrongful possession of each drug, the appellant pleaded guilty. The presiding military judge entered a conviction and sentenced the appellant to a bad-conduct discharge, confinement at hard labor for a term of 18 months, a partial forfeiture of pay, and reduction to the lowest pay grade.[1] The appellant had entered into a plea bargain with the convening authority whereby the latter agreed to limit any confinement imposed to a term of one year. Accordingly, the convening authority, while approving the sentence to discharge, forfeitures, and reduction, reduced the confinement from a term of eighteen months to one year.

▊ Taking the view that a prisoner whose sentence to confinement does not exceed one year is ineligible for parole, the

appellant contends that he has been deprived of equal protection of the laws. In addition, he asserts that the military judge, in his inquiries concerning the plea, failed in an obligation to assure that appellant understood that his plea bargain would deprive him of eligibility for parole. We reject both contentions on the basis that the appellant is not ineligible for parole and he may apply at any time.

The appellant's position is based on certain provisions of Army regulations governing parole, the material portions of which are set out in the margin.[2]

▊ Our disagreement with the appellant rests on the interpretation of subparagraph 12–5c of Army Regulation 190–47. He apparently regards that provision as permit-

---

1. Judge and counsel at the trial level viewed the maximum confinement imposable as four years, treating introduction and possession of the same drug as one offense for sentencing purposes. Appellant now asserts that the marijuana offenses merged with the heroin offenses so that the maximum term was only two years. The reliance on the two year punishments authorized for violations of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1976), is as misplaced as mine was in *United States v. Dillard*, 4 M.J. 577, 581–83 (A.C.M.R. 1977) (Fulton, J., dissenting). The offenses properly were charged as violations of Article 134, UCMJ, 10 U.S.C. § 934 (1976), so the maximum confinement imposable was at least ten years for the heroin offenses alone. *United States v. Dillard*, 5 M.J. 355 (C.M.A. 1978). Any error as to multiplicity was, therefore, of no consequence to the appellant.

2. The present provisions are found in chapter 12 of Army Regulation 190–47, dated 1 October 1978 (effective 1 November 1978), as follows:
   12–1. *Purpose.* This chapter establishes policy and procedures prescribed by the Secretary of the Army for the conditional release on parole of Army prisoners confined in United States Disciplinary Barracks (USDB) in accordance with authority contained in Section 952 of Title 10, United States Code.
   12–2. *Policy.* Army prisoners will be released from confinement at the times and under the conditions most likely to ensure their earliest assumption of responsibilities as productive law abiding citizens. Determination of parole disposition of prisoners will be predicated upon due consideration of the severity of the confining offense, individual's background history developed by the Disciplinary Barracks, behavioral changes as man-

ifested by institutional adjustment and response to correctional treatment programs, current family conditions, and expected adjustment in the community.

\* \* \* \* \* \*

12–5. *Eligibility. a.* A military prisoner with an unsuspended discharge, a dismissal, an administrative discharge, or in a retired status, or a civilian prisoner subject to the Uniform Code of Military Justice, confined pursuant to a sentence or aggregate sentence of:
   (1) More than 1 year and not more than 3 years who has served one-third of his terms of confinement, but in no case less than 6 months, will be eligible for parole consideration.
   (2) More than 3 years who has served not less than 1 year will become eligible for parole consideration at such time as the Army Clemency Board may determine. This time will not be more than one-third of the sentence or aggregate sentences as lawfully adjudged and approved, or not more than 10 years when the sentence is life or in excess of 30 years.
   *b.* Any abatement accrued or to be accrued will be excluded in computing eligibility for parole consideration.
   *c.* Where exceptional circumstances exist, the Army Clemency Board may waive the eligibility requirements in *a* above.

\* \* \* \* \* \*

Army Regulation 190–47, dated 15 December 1975, as changed by Change No. 1, dated 3 March 1976, which was in effect when the appellant's plea bargain was made and action was taken in his case, was identical in its terms.

ting the Army Clemency Board only to grant exceptions to the minimum service requirements prescribed in subparagraphs 12–5a(1) and (2). Some support for that contention can be derived from subparagraph 12–7a, which requires that certain administrative forms be maintained at the United States Disciplinary Barracks "for each prisoner . . . who is eligible for parole," thereby implying that some prisoners are not eligible.[3] Nevertheless, subparagraph 12–5c does not limit in any way the "eligibility requirements" that the Army Clemency Board may waive. We hold that the appellant may apply for parole and that the Army Clemency Board may grant it.[4] We recognize that parole will be granted only if the Board deems that "exceptional circumstances exist." Given the purposes,

conditions and duration of parole, this does not unreasonably discriminate against the shorter-term prisoners. That the appellant is not precluded by law from parole eligibility renders his assignment of error without merit.[5]

The findings of guilty and the sentence are affirmed.

Judge TALIAFERRO and Judge WATKINS concur.

---

3. *But cf.* subpar. 12–7b, AR 190–47, requiring that *every* prisoner complete a specified form indicating whether parole is desired.

4. We take judicial notice of pleadings and appellate exhibits (Defense Appellate Exhibits A–B; Government Appellate Exhibits I–IV) filed with us in *United States v. Love*, CM 437054. That case is pending before us and involves similar questions. The affidavits disclose that there have been no parole applications from prisoners situated as the appellant. On the other hand, they also reveal that, although there may be some misunderstanding as to the proper interpretation of the regulations, there is no longstanding executive interpretation in conflict with our holding. *See* Crawford, The Construction of Statutes § 219 at 393–95 (1940).

5. *Cf. Herrera v. United States*, 507 F.2d 143 (5th Cir. 1975) (per curiam). Admittedly the basis of our decision makes further discussion of the merits unnecessary. Nevertheless, in view of the far-reaching nature of the parties' contentions, I deem it advisable to record relevant considerations as to some of the various arguments. Appellant's contention that the parole regulations deny equal protection is based upon *United States v. Larner*, 1 M.J. 371, 375–

76 (C.M.A. 1976) (Fletcher, C. J., concurring), concerning a graduated scale for accrual of abatements through good conduct. I do not think that the opinion of one judge in that situation compels an identical result in this one. See also 18 U.S.C. § 4205(a) (1976). Appellant's contention that the providency inquiry did not satisfy the requirements of *United States v. Green*, 1 M.J. 453 (C.M.A. 1976), draws upon such cases as *Durant v. United States*, 410 F.2d 689, 8 A.L.R.Fed. 753 (1st Cir. 1969). However, if the appellant were ineligible for parole as he contends, that would be the product of his own bargain and not a statutory or regulatory imperative flowing from the plea alone. *Cf. Michel v. United States*, 507 F.2d 461, 465 (2d Cir. 1974). The failure of the plea bargain inquiry to reveal this as a consequence would not necessarily render the plea improvident absent any indication of mistake or misadvice. *Cf. United States v. Harden*, 1 M.J. 258 (C.M.A. 1976) (substantial mistake as to maximum punishment); *United States v. Price*, 4 M.J. 849 (A.C.M.R. 1978) (no bargained limit on period of suspension); *United States v. Brown*, 4 M.J. 654, 656 (A.C.M.R. 1977) (denial of excess leave).