## UNITED STATES

v.

**Airman Basic Ronald L. BARNACK, FR 309–70–0106 United States Air Force.**

**ACM 22839.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 1 May 1980.

Decided 5 March 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Colonel George R. Stevens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter.

Before POWELL, MILES and MAHONEY, Appellate Military Judges.

## DECISION

PER CURIAM:

The accused was tried by military judge alone. As pointed out in the individual defense counsel's *Goode* response to the review of the staff judge advocate, the record discloses several comments by the prosecutor which exceeded acceptable

bounds of fair advocacy, and affronted the spirit, if not the letter, of the ABA Standards, The Prosecution Function, §§ 5.8(b), 5.8(c), 5.9, and 6.1(a). *See, United States v. Doctor*, 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956). On balance, we also find it difficult to conclude that the trial counsel maintained the courteous and respectful attitude required by paragraph 42*b*, Manual for Courts-Martial, 1969 (Rev.).

In his opening argument on sentence, the trial counsel expressed his personal opinion at two points:

> TC: ... The accused probably, in the feeling of the United States, has the most deplorably, despicable military record that has ever been seen, at least by this trial counsel in a military court....
>
> \* \* \* \* \* \*
>
> ... Any period of confinement less than four years would be an absolute mockery and a joke ....

Later, during his argument on sentence, individual defense counsel was responding to the trial counsel's suggestion that the court should "lock [the accused] up and throw the key away," when he was interrupted:

> IDC: ... It's not going to make [the accused's] parents happy; \* it's certainly not going to make him happy. It's not going to make the people in this courtroom watching happy.
>
> TC: ____Actually, it will make me happy, Your Honor....

█ We believe that counsel should conduct themselves with the same high standards in arguing to a military judge alone as they would in arguing to a court constituted with members, notwithstanding the presumption that a military judge exercises discretion in distinguishing between proper and improper argument. *United States v. Montgomery*, 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970); *United States v. Moore*, 1 M.J. 856 (A.F.C.M.R.1976). Consequently, in the interest of justice, and the appearance of justice, we have decided, on the facts of this case, to reassess the sentence.

---

\* The accused's parents were witnesses at the sentencing portion of the trial.

Accordingly, the findings of guilty and so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for two (2) years, and forfeiture of $299.00 per month for 24 months are

AFFIRMED.