**UNITED STATES, Appellee,**

v.

**Sergeant James W. BROWN, SSN 231–88–6780, United States Army, Appellant.**

**SPCM 20090.**

U.S. Army Court of Military Review.

30 March 1984.

Major Robert M. Ott, JAGC, Captain L. Sue Hayn, JAGC, and Captain David L. Carrier, JAGC, were on the pleadings for appellant.

Lieutenant Colonel John T. Edwards, JAGC, Major Patrick M. Flachs, JAGC, and Captain Edmond R. McCarthy, Jr., JAGC, were on the pleadings for appellee.

Before CLARKE, SU–BROWN and BA-DAMI, Appellate Military Judges.

## OPINION OF THE COURT

CLARKE, Senior Judge:

Appellant was tried by military judge alone and convicted, pursuant to his pleas, of the possession of some amount of marijuana in excess of 12 grams, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. 934 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for one month, forfeiture of $382.00 pay per month for one month and reduction to Private E–1. The convening authority approved the sentence.

Appellant assigns as error trial counsel's reference during argument on sentencing to appellant's alleged distribution of marijuana and his comment upon appellant's election to make an unsworn statement. We agree, and will reassess the sentence.

During the presentencing phase of the court-martial, appellant made an unsworn statement to the military judge. In argument prior to sentencing, trial counsel stated:

Now, the accused has spoken of a wife and children back in the United States. That's something that he should have had on his mind when he was violating the regulations and possessing marijuana, handing it over, as he testified, to another person.

A specification alleging distribution of marijuana had already been dismissed by the military judge. There was no reference to any such distribution in the entire proceeding except during the military judge's inquiry into the providence of appellant's plea of guilty.

Following defense counsel's argument, the assistant trial counsel argued in rebuttal:

You will recall, Your Honor, that we got that information of the accused's background and how long he's been in the Army, and all—that came from an unsworn statement, no opportunity for the government to cross-examine on that background, that past.

The military judge interjected that factual statements could be rebutted with documentary or other evidence. Nevertheless, the assistant trial counsel pursued the same theme by arguing:

Sir, the government asks, if Sergeant Brown, the accused, is as upright, desirous of remaining in, why not make a sworn statement for the court as opposed to that?

There was no defense objection during argument, and the military judge did not comment further.

■ It is the responsibility of counsel to argue only evidence of record and reasonable inferences drawn therefrom. *United States v. Nelson,* 1 M.J. 235 (C.M.A. 1975). It is highly improper for trial counsel, during argument on sentence, to refer to matters elicited from an accused during the providence inquiry. *United States v. Richardson,* 6 M.J. 654 (N.C.M.R.1978), *pet. denied* 6 M.J. 280 (C.M.A.1979); *United States v. Brooks,* 43 C.M.R. 817, 820 (A.C.M. R.1971). Trial counsel's reference during argument to appellant's alleged distribution of marijuana was drawn from the providence inquiry, and was error.

■ It was also improper for the assistant trial counsel to unfavorably comment upon appellant's failure to make a sworn statement. The right to make an unsworn statement is established by paragraph 75c (2), Manual for Courts-Martial, United States, 1969 (Revised edition). The assistant counsel's comment in this case resembles the behavior condemned by the Court of Military Appeals in *United States v. Clifton,* 15 M.J. 26 (C.M.A.1983), where the trial counsel repeatedly emphasized the accused's assertion of rights. In both cases the same principle emerges: An accused must be free to "assert his rights" without fear of exploitation. *Id.* at 30 (quotation in original). Appellant did not "owe" the court an explanation. Nor was he obligated to undergo cross-examination to "prove" his desire to remain in the service.

■ The failure of the defense counsel to object raises the doctrine of waiver. However, we will not apply this doctrine where trial counsel's comments during argument are so improper as to constitute "plain error," Rule 103(d), Mil.R.Evid. The military judge had an obligation to stop the argument *sua sponte. United States v. Doctor,* 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956).

■ The fact that trial counsel was addressing his argument to a military judge does not relieve him of the obligation to conduct himself with the same high standards as he would before court members, notwithstanding the presumption that a military judge exercises discretion in distinguishing between proper and improper argument. *United States v. Barnack,* 10 M.J. 799 (A.F.C.M.R.1981), *pet. denied* 11 M.J. 292 (C.M.A.1981). Although the trial counsel's and assistant trial counsel's improper comments were made before a military judge alone, we will reassess the sentence in the abundance of caution.

Accordingly, the findings of guilty and only so much of the sentence as provides for a bad-conduct discharge and reduction to Private E–1 are affirmed.

Judge SU–BROWN and Judge BADAMI concur.