**UNITED STATES**

v.

**Staff Sergeant Harold A. CORDERO, FR 085–46–7509 United States Air Force.**

**ACM S26793.**

U.S. Air Force Court of Military Review.

4 Dec. 1985.

Appellate Counsel for the Accused: Mr. Paul G. Komarek, Panama City, FL 32402, Colonel Leo L. Sergi and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Joseph S. Kistler.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

## DECISION

**PER CURIAM:**

Despite his sworn denial of any drug involvement, the appellant was convicted of using marijuana. The sole evidence supporting his conviction is a laboratory report establishing the presence of tetrahydrocannabinol (THC), an ingredient of marijuana, in his urine. Appellate defense counsel have assigned four errors for our consideration. In affirming the conviction we deem it appropriate to discuss them.

### I

During its case-in-chief the Government, through testimony and documentary evidence, established that on 25 June 1984, the appellant provided a urine specimen under controlled conditions. Thereafter the urine sample was shipped to a laboratory at Brooks Air Force Base, Texas and subsequently to the CompuChem Laboratory, Research Triangle, North Carolina for testing. Each laboratory independently determined that the appellant's urine contained THC, a metabolite of marijuana.

The appellant argues that the lab reports and the accompanying chain of custody documentation are hearsay and the trial judge, by admitting them, denied him his right to due process as well as the right to confront the witnesses.

■ Mil.R.Evid. 803(6) is modelled after the corresponding Federal Rule and provides that records of a regularly conducted activity are admissible as an exception to the hearsay rule. The Rule *specifically* includes forensic laboratory reports and chain of custody documents as among those memoranda normally admissible under its provisions. To lay a proper foundation for admission of evidence under this exception to the hearsay rule, it is not essential that the offering witness be the recorder or even certain of who recorded the information, but it is sufficient that the witness be able to identify the record as authentic and state that it was made and preserved in the regular course of business. *United States v. Jones,* 554 F.2d 251 (5th Cir.1977); cert. denied 434 U.S. 866, 98 S.Ct. 202, 54 L.Ed.2d 142 (1978). Here, there is ample testimony establishing that the challenged business records were kept in the course of a regularly conducted business activity. The trial judge exercises broad discretion in determining admissibility of evidence under Mil.R.Evid. 803(6), and the standard to be applied is whether he

abused that discretion. *United States v. Hudson*, 20 M.J. 607 (A.F.C.M.R.1985); *United States v. Veytia-Bravo*, 603 F.2d 1187 (5th Cir.1979). The circumstances surrounding the preservation and custody of the appellant's urine permits a conclusion that it has not been tampered with in any significant fashion. The trial judge did not abuse his discretion in admitting the urine specimen and the lab test results. *United States v. Hudson, supra; see also United States v. Scholle*, 553 F.2d 1109 (8th Cir.1977).

## II

■ The appellant next argues that evidence of a THC metabolite in his urine does not prove beyond a reasonable doubt that he wrongfully used marijuana. We find no merit in this assertion as military case law is to the contrary. *Murray v. Haldeman*, 16 M.J. 74 (C.M.A.1983); *United States v. Hudson, supra; United States v. Frost*, 19 M.J. 509 (A.F.C.M.R.1984).

## III

The appellant denied under oath using marijuana during the period alleged. In addition, the following exchange occurred between him and his civilian counsel:

CDC: What kind of record do you have while you're in the military?

ACC: Outstanding record until one— when I had a DUI case back in May. I was busted down to Buck. They, my commander retained—No, he gave back my stripe.

CDC: Other than that, no problems?

ACC: No problems.

Over defense objection, the trial judge permitted the prosecutor to cross-examine the appellant about other "problems" he had encountered during his career. These included various Letters of Counselling for the use and possession of marijuana, bad checks and involvement in a traffic accident and a Letter of Reprimand for loaning his meal card to an unauthorized individual. Additionally, the appellant was questioned about an assault on his wife that was included in the non-judicial punishment for drunk driving. The appellant admitted he had been the subject of several adverse personnel actions, but either denied his culpability in the incident or explained the circumstances surrounding his participation.

At trial and on appeal the appellant suggests that the trial judge erred in allowing cross-examination in this area since none of the incidents resulted in a guilty finding and therefore did not reflect adversely on his military career. In his view, the questioning "was irrelevant as well as highly prejudicial."

■ It is true that impeachment of an accused is normally limited to offenses of which he has been convicted, however, when he gives testimony denying prior misconduct, he "opens the door" into an inquiry about the prior misconduct. *United States v. Kindler*, 14 U.S.C.M.A. 394, 34 C.M.R. 174 (1964); *United States v. Buchanan*, 37 C.M.R. 927 (A.F.B.R.1967). Here the appellant, by contending he had an "outstanding record" with "no problems" other than the one identified, clearly "opened the door" to questioning about other "problems" the existence of which he had denied. The trial judge properly instructed the members that this evidence of other misconduct was admitted solely for impeachment purposes and they should not infer from it that the appellant is a bad person or has criminal tendencies in general. *Accord United States v. Miller*, 1 M.J. 798 (A.F.C.M.R.1976). The trial judge did not err in permitting cross-examination in this area.

## IV

■ Finally, the appellant contends that the trial judge erred in sustaining objections to his defense counsel's argument. The trial court has broad discretion to control closing argument, and his rulings in this regard will be overturned only where he has clearly abused that discretion. *United States v. Pool*, 660 F.2d 547 (5th Cir.1981); *United States v. Grabiec*, 563 F.2d 313 (7th Cir.1977). We have examined

the judge's rulings in this area and discern no abuse of discretion on his part. For the reasons stated the findings of guilty and the sentence are

AFFIRMED.