**UNITED STATES, Appellee,**

v.

**Corporal Miguel A. KILDARE-MARCANO, 584–66–0392, United States Army, Appellant.**

**CM 443517.**

U.S. Army Court of Military Review.

24 Dec. 1985.

---

For Appellant: Lieutenant Colonel William P. Heaston, JAGC, Major Edwin D. Selby, JAGC, Captain Donna Chapin Maizel, JAGC, Captain Audrey H. Liebross, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, Captain Samuel J. Rob, JAGC, Captain Thomas J. Benjamin, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT
## ON REMAND

WOLD, Senior Judge:

On 27 September 1982, appellant was tried by a general court-martial composed of officer and enlisted members at Frankfurt, Germany. Consistent with his pleas, he was convicted of wrongful appropriation of an automobile, assault with a dangerous weapon, and kidnapping, in violation of Article 121, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 928, 934, respectively. The members sentenced him to a dishonorable discharge, confinement for ten years, total forfeitures, and reduction to Private E-1. Pursuant to a pretrial agreement, the convening authority, Major General Thurman E. Anderson, reduced the period of confinement to three years and approved the remainder of the sentence as adjudged. This court affirmed the findings and sentence. *United States v. Kildare-Marcano*, CM 443517 (A.C.M.R. 17 March 1983) (unpub.). In his petition for review before the Court of Military Appeals, 17 M.J. 402, appellant for the first time alleged that he had been prejudiced by unlawful command influence. The case is now before us on remand for our consideration of the command influence issue.

Appellant contends, *inter alia*, that General Anderson was disqualified to refer charges to trial or to take action in this case and that he was deprived of favorable character witnesses and thereby denied a fair sentencing hearing. The resolution of these matters is controlled by *United States v. Cruz*, 20 M.J. 873 (A.C.M.R.1985) (en banc) and other relevant precedents.

■ Appellant's case involves essentially the same evidence and contentions which were before us in *United States v. Anderson*, 21 M.J. 670 (A.C.M.R.1985) and *United States v. Scott*, 20 M.J. 1012 (A.C.M.R.1985).[1] We are satisfied that General Anderson was not disqualified to refer appellant's case to trial and that appellant's pleas of guilty were not affected by any unlawful command influence. *United States v. Treakle*, 18 M.J. 646, 654–655, 657–658 (A.C.M.R.1985) (en banc), *pet. granted*, 20 M.J. 131 (C.M.A.1985). Furthermore, based on *Anderson*, we hold that appellant has failed to raise the issue of deprivation of favorable character witnesses. In fact, the record of trial indicates that during sentencing proceedings, two members of appellant's chain of command, the first sergeant and the chief of firing battery, testified favorably on his behalf. Both witnesses stated that appellant was an outstanding section chief, that he had rehabilitative potential, and that they would be willing to serve with him in the future. A sergeant first class, not in appellant's direct chain of command, also testified for appellant. The appearance of these witnesses at trial is strong evidence that no potential witnesses were in fact influenced in this case. *See United States v. Arthurs*, 21 M.J. 686 (A.C.M.R.1985).[2]

■ As to appellant's contention that his sentencing proceedings were infected by unlawful command influence, our recent decision in *United States v. Montesinos*, 21 M.J. 679, SPCM 18720 (A.C.M.R. 24 Dec. 1985) controls. We add, however, that unlike *Montesinos*, where the accused introduced no character witnesses during sentencing, the instant case does involve the presence of character testimony. Thus, an additional problem arises: the possibility that some members, because of General Anderson's actions, were influenced to discount such testimony and in fact did so in this case. *Treakle*, 18 M.J. at 658. Accordingly, the disposition of this case differs somewhat from *Montesinos*. In the event of an evidentiary hearing, the military judge must not only make findings of fact regarding the members' receipt and understanding of General Anderson's message as it may have influenced their decision whether to retain appellant, but also what effect, if any, his message had on their attitude toward the character testimony offered on behalf of appellant.

The record of trial is returned to The Judge Advocate General for submission to a different convening authority who will order a limited evidentiary hearing or rehearing on sentence pursuant to the guidelines set forth in this opinion and in our opinion in *Montesinos*.

Judge FELDER concurs.

NAUGHTON, Judge, concurring:

See my concurring opinion in *United States v. Anderson*, 21 M.J. 670 (ACMR 1985).

---

1. Although the affidavit of Major Michael A. Buchanan has not been filed in this case, we take judicial notice of that affidavit, filed with us in *United States v. Scott, supra*. *See United States v. Surry*, 6 M.J. 800 (A.C.M.R.1978), *pet. denied*, 7 M.J. 62 (C.M.A.1979).

2. Nevertheless, we observe again here, as we did in *Cruz*, that "if appellant has anything further to offer, he is free to petition this court for permission to submit it in connection with a request for reconsideration. *See* Rule 20, CMR Rules of Practice and Procedure." 20 M.J. at 891 n. 25.