See my concurring opinion in *United States v. Anderson,* 21 M.J. 670 (A.C.M.R. 1985).

**UNITED STATES, Appellee,**

v.

**Private First Class Robert RICHARDSON, Jr., 251–31–3230, United States Army, Appellant.**

**CM 444645.**

U.S. Army Court of Military Review.

24 Dec. 1985.

---

For Appellant: Colonel William G. Eckhardt, JAGC, Colonel R. Rex Brookshire II, JAGC, Lieutenant Colonel Arthur L. Hunt, JAGC, Major Robert M. Ott, JAGC, Captain Mark W. Harvey, JAGC, Captain Thomas J. Feeney, JAGC, Captain Peter D.P. Vint, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, Captain Patrick J. Cunningham, JAGC, Captain Thomas J. Benjamin, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

### OPINION OF THE COURT

WOLD, Senior Judge:

Pursuant to his pleas, appellant was convicted of possession of 20 grams of marijuana with intent to distribute same (Specification 1 of the Charge) and distribution of 20 grams of marijuana (Specification 2) between 1 February 1983 and 18 April 1983, and of possession of 107 grams of marijuana with intent to distribute same (Specification 3), distribution of 17 grams of marijuana (Specification 4), and use of two grams of marijuana (Specification 5) on 9 May 1983. All of the offenses were committed at Rivers Barracks, Giessen, Federal Republic of Germany. The charges were referred to trial by Major General Thurman E. Anderson. The trial was held on 29

June 1983. General Anderson approved the adjudged sentence, which included reduction to Private E–1, forfeiture of all pay and allowances, confinement for seven months, and a bad-conduct discharge.

Appellant contends, *inter alia,* that General Anderson was disqualified to take action in this case and that he was deprived of favorable character witnesses and thereby denied a fair sentencing hearing.[1] The resolution of these matters is controlled by *United States v. Cruz,* 20 M.J. 873 (A.C.M.R.1985) (en banc), and other relevant precedents.

Appellant's case involves essentially the same supporting evidence and contentions which were before us in *United States v. Anderson,* 21 M.J. 670 (A.C.M.R. 1985) and *United States v. Scott,* 20 M.J. 1012 (A.C.M.R.1985).[2] As in *Anderson,* appellant has failed to raise the issue of actual unlawful command influence on witnesses in his case and we find no appearance that General Anderson's actions had a prejudicial effect on appellant's trial. In fact, during presentencing three noncommissioned officers who had supervised appellant testified on his behalf. All three lauded appellant's performance and stated that he should be retained on active duty. In addition, the now infamous "Haga letter"[3] and General Anderson's letter of retraction[4] were introduced as appellate exhibits. When asked whether these letters had had any effect on his ability to obtain witnesses, appellant's trial defense counsel responded that they had not. Appellant's trial defense counsel was also present at the 14 March 1983 questioning of General Anderson concerning the statements the latter had made. Thus, by the date of appellant's trial, the

---

1. Appellant does not contend that his pleas of guilty were affected by General Anderson's actions. Our examination of the evidence of record convinces us that the validity of appellant's plea of guilty was unaffected.

2. Although the affidavit of Major Michael A. Buchanan has not been filed in this case, we take judicial notice of that affidavit, filed with us in *United States v. Scott, supra. See United*

*States v. Surry,* 6 M.J. 800 (A.C.M.R.1978), *pet. denied,* 7 M.J. 62 (C.M.A.1979).

3. Letter, Headquarters, 3d Armored Division, 25 January 1983, Subject: NCOPP Letter # 16–Personal Conduct and Integrity.

4. Letter, Headquarters, 3d Armored Division, 4 March 1983, Subject: Testifying in Behalf of an Accused Soldier.

trial defense counsel was well aware of the nature and scope of the command influence problem in the 3d Armored Division. We view these factors as proof that appellant was in fact deprived of no witnesses. *See United States v. Arthurs,* 21 M.J. 686 (A.C.M.R.1985); *United States v. Yslava,* 18 M.J. 670, 673 (A.C.M.R.1984) (en banc).

 Appellant also contends that the possession offenses are multiplicious for findings purposes with the corresponding distribution offenses. Since a facial analysis of the specifications alone does not conclusively negate findings multiplicity, we will analyze the evidence introduced at trial and the information produced during the providence inquiry to determine the findings multiplicity issue. *See United States v. Fair,* 17 M.J. 1036, 1038 (A.C.M.R.), *pet. denied,* 19 M.J. 121 (C.M.A.1984). That information reveals that Specifications 1 and 2 of the Charge are multiplicious for findings purposes and that Specifications 3 and 5 are multiplicious with respect to the 17 grams of marijuana which were actually distributed. *See United States v. Bullington,* 18 M.J. 164 (C.M.A.1984); *United States v. Morrisson,* 18 M.J. 108 (C.M.A. 1984) (summary disposition). We will, therefore, provide appropriate relief. Appellant's sentence was not affected.

The remainder of appellant's assignments of error are without merit.

The finding of guilty of Specification 1 of the Charge is set aside and that specification is dismissed. So much of the finding of guilty of Specification 3 of the Charge as finds appellant guilty of wrongful possession of more than 88 grams of marijuana with intent to distribute same is set aside and the words "one hundred-seven grams" in that specification are amended to read "88 grams".

The record of trial is returned to The Judge Advocate General for submission to a different convening authority to take action in accordance with the procedures outlined in *United States v. Scott.*

Judge FELDER concurs.

NAUGHTON, Judge, concurring:

See my concurring opinion in *United States v. Anderson,* 21 M.J. 670 (A.C.M.R.1985).