**UNITED STATES, Appellee,**

v.

**Specialist Four Leon J. NELLUM, Jr., 442–78–2688, United States Army, Appellant.**

**SPCM 21603.**

U.S. Army Court of Military Review.

24 Dec. 1985.

duct.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major John E. King, JAGC, Captain Wendell A. Hollis, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Michael W. Hoadley, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

FELDER, Judge:

Appellant pleaded guilty to two counts of assault and battery, and one count each of absence without leave for five days, desertion for a period of seventeen days, larceny of $560.00 from the United States and attempted larceny of $500.00 from the United States. He was sentenced by the trial judge to a bad-conduct discharge, confinement at hard labor for five months, forfeiture of $395.00 pay per month for five months and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority reduced the confinement to four months but otherwise approved the sentence.

■ We agree with appellant that it was improper for the trial counsel to argue on sentence facts that were elicited from appellant during the providence inquiry. *United States v. Brown,* 17 M.J. 987 (A.C.M.R.), *pet. denied,* 19 M.J. 1 (C.M.A.1984); *United States v. Richardson,* 6 M.J. 654 (N.C.M.R.1978), *pet. denied,* 6 M.J. 280 (C.M.A.1979).

■ We also agree with appellant that trial counsel's argument on sentence exceeded the bounds of propriety when he asked the military judge whether he would like appellant to walk the streets in his community or neighborhood. Such argument invited the military judge to cast aside his impartiality and adjudge a sentence from the perspective of personal interest. *United States v. Shamberger,* 1 M.J. 377 (C.M.A.1976); *see United States v. Moore,* 6 M.J. 661 (A.F.C.M.R.1978).

In *United States v. Brown, supra,* when similar issues were generated by the argument of trial counsel, a panel of this court stated:

> The failure of the defense counsel to object raises the doctrine of waiver. However, we will not apply this doctrine where trial counsel's comments during argument are so improper as to constitute 'plain error,' Rule 103(d), Mil.R.Evid. The military judge had an obligation to stop the argument *sua sponte. United States v. Doctor,* 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956).
>
> The fact that trial counsel was addressing his argument to a military judge does not relieve him of the obligation to conduct himself with the same high standards as he would before court members, notwithstanding the presumption that a military judge exercises discretion in distinguishing between proper and improper argument. *United States v. Barnack,* 10 M.J. 799 (A.F.C.M.R.1981), *pet. denied,* 11 M.J. 292 (C.M.A.1981).

*United States v. Brown,* 17 M.J. at 989.

■ We do not agree that the "plain error" rule applies. Although errors such

as those in *Brown* and the case at bar are "plain" in the sense that they are obvious, we find them by no means "plain" in the context that prejudice will necessarily follow, as *Brown* implies. To the contrary, in the absence of some showing that the judge was influenced by an improper argument, he must be presumed to have ignored it. *Cf. United States v. Montgomery*, 42 C.M.R. 227 (C.M.A.1970) (judge presumed to ignore improper evidence in bench trial). A contrary rule, requiring the judge in a bench trial to comment on an argument he is presumed to ignore, would be an elevation of form over substance.

Though we find the trial counsel's comments improper, we do not believe appellant was harmed by them when his criminal behavior is compared to the approved sentence. Therefore, the findings of guilty and the sentence are affirmed.

Senior Judge WOLD and Judge NAUGHTON concur.