UNITED STATES, Appellee,

v.

Specialist Four Phillip G. SHERMAN, 397–74–1178, United States Army, Appellant.

SPCM 19465.

U.S. Army Court of Military Review.

28 Jan. 1986.

Lieutenant Colonel William P. Heaston, JAGC, Captain Eric T. Franzen, JAGC, Captain Lawrence R. Hughes, Jr., JAGC, Captain Harry L. Williams, Jr., JAGC, Captain Robert S. Johnson, Jr., JAGC (on brief), for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, Captain Daniel N. Velling, JAGC, Captain Samuel J. Rob, JAGC, Captain Tarek Sawi, JAGC (on brief), for appellee.

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Appellant was tried by a special court-martial, which included officer and enlisted members, on 28 March 1983. Based on his pleas of guilty, he was convicted of wrongful distribution of marijuana, wrongful possession of marijuana with intent to distribute, and wrongful possession of drug abuse paraphernalia. The charges were referred to trial by Major General Thurman E. Anderson, who also approved the adjudged sentence to a bad-conduct discharge, reduction to Private E-1, forfeiture of $382.00 pay per month for four months, and confinement for four months. General Anderson suspended the confinement in excess of 45 days as required by a pretrial agreement.

Appellant contends, *inter alia*, that General Anderson was disqualified to refer charges to trial or to take action in this case and that he was denied a fair sentencing hearing. The resolution of these matters is controlled by *United States v. Cruz*, 20 M.J. 873 (A.C.M.R.1985) (en banc), and other relevant precedents.

Appellant's case involves essentially the same evidence and contentions that were before us in *United States v. Anderson*, 21 M.J. 670 (A.C.M.R.1985) and *United States v. Scott*, 20 M.J. 1012 (A.C.M.R.1985). For the reasons stated in *United States v. Treakle*, 18 M.J. 646, 654–655 (A.C.M.R. 1984) (en banc), *pet. granted*, 20 M.J. 131 (C.M.A.1985), we conclude that General Anderson was not disqualified to refer this case to trial.[1] As in *Anderson*, appellant has failed to raise the issue of actual unlawful command influence on potential witnesses and we find no appearance that General Anderson's actions had a prejudicial effect on appellant's trial in that respect.

The record of trial also shows that in fact no member of the court-martial was unlawfully influenced. The trial defense counsel was present at the interview of General Anderson conducted on 14 March 1983 and thus was aware of the comments General Anderson had made during his command lectures and of the interpretation by some in his audience that they were being told not to give favorable character testimony for accused soldiers. The infamous NCOPP Letter # 16 of 25 January 1983 and the followup letters from the Division Command Sergeant Major and from General Anderson were produced at trial. The trial defense counsel stated that he had investigated and found no prejudice among the members stemming from NCOPP Letter # 16. At the request of the trial defense counsel, the trial judge ascertained from the members that they understood that appellant had the right to present favorable evidence during the sentencing proceedings, including character evidence. All members indicated that they were aware of nothing which would lead to a contrary impression. This situation is closely analogous to that in *United States v. Wood*, 32 CMR 217, 223–24 (CMA 1962). We consequently hold that this evidence is sufficient as a matter of law to sustain a finding that the members were not unlawfully influ-

1. Appellant does not contend that his pleas of guilty were affected by General Anderson's ac-

tions. Our examination of the evidence of

enced. We find from this evidence that no such influence existed.[2]

During the sentencing proceedings, two noncommissioned officers from appellant's unit testified favorably with respect to appellant's soldierly qualities and rehabilitative potential. This is strong evidence that appellant was not in fact deprived of any favorable testimony. *United States v. Arthurs*, 21 M.J. 686 (A.C.M.R.1985). Based on all the circumstances of the case, including his own first-hand observations, the trial judge found that he could "perceive no possible prejudice to the accused." The trial defense counsel explicitly agreed with the trial judge's conclusion; this, too, is strong evidence that appellant suffered no prejudice. *United States v. Richardson*, 21 M.J. 693, (A.C.M.R.1985). Nevertheless, we observe again here, as we did in *Cruz*, that "if appellant has anything further to offer, he is free to petition this court for permission to submit it in connection with a request for reconsideration. *See* Rule 20, CMR Rules of Practice and Procedure." 20 M.J. at 891 n. 25.

The record of trial is returned to The Judge Advocate General for submission to a different convening authority to take action in accordance with the procedures outlined in *United States v. Scott.*

Judge FELDER concurs.

NAUGHTON, Judge, concurring:

See my concurring opinion in *United States v. Anderson*, 21 M.J. 670 (A.C.M.R. 1985).

---

record convinces us that the validity of appellant's pleas of guilty was unaffected.

2. This result differs from our decrees in two other 3d Armored Division cases involving trial by members. *See United States v. Montesinos*, 21 M.J. 679 (A.C.M.R.1985); *United States v. Kildare-Marcano*, 21 M.J. 683 (A.C.M.R.1985). Suffice to say, neither of these cases presented

an inquiry on the record concerning what effect, if any, General Anderson's comments had on the members. Accordingly, we returned those cases for limited hearings on that issue. The inquiry performed during the trial of this case, however, renders such a hearing unnecessary.