UNITED STATES, Appellee,

v.

Specialist Five Michael E. TAYLOR,
411–94–5729, United States
Army, Appellant.

SPCM 18947.

U.S. Army Court of Military Review.

31 Jan. 1986.

For Appellant: Colonel William G. Eckhardt, JAGC, Colonel R. Rex Brookshire II, JAGC, Lieutenant Colonel Arthur L. Hunt, JAGC, Major Robert M. Ott, JAGC, Major Allan L. Placke, JAGC, Captain Thomas J. Feeney, JAGC, Captain Bernard P. Ingold, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, Captain Thomas J. Benjamin, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Contrary to his plea, appellant was convicted, by a court-martial sitting with members, of homosexual sodomy on a fellow soldier. His sentence to a bad-conduct discharge, confinement at hard labor for two months, forfeiture of $382.00 pay per month for two months, and reduction to Private E–1 was approved by the convening authority, Major General Thurman E. Anderson.

We have considered appellant's constitutional attack on the findings and hold that it is without merit. *United States v. Scoby*, 5 M.J. 160 (C.M.A.1978); *United States v. McFarlin*, 19 M.J. 790 (A.C.M.R.), *pet.*

*denied,* 20 M.J. 314 (C.M.A.1985); *United States v. Jones,* 14 M.J. 1008 (A.C.M.R. 1982), *pet. denied,* 15 M.J. 456 (C.M.A. 1983); *see also Bowers v. Hardwick,* 760 F.2d 1202 (11th Cir.), *cert. granted,* —— U.S. ——, 106 S.Ct. 342, 88 L.Ed.2d 284 (1985).

I

During the sentencing phase of the trial, the trial defense counsel called several witnesses to testify about appellant's duty performance and rehabilitative potential. During his examination of the first of these witnesses, the trial defense counsel asked, "Do you have any opinion whether confinement would be productive or counter-productive—." The trial judge interrupted to rule that such testimony would not be allowed, saying, "Recommendations on what type of sentence is appropriate or not appropriate will not be given by witnesses." Trial defense counsel explained that he wanted to elicit opinions as to the effect confinement would have on appellant, particularly with regard to rehabilitation, rather than eliciting opinions as to what the witnesses thought was an appropriate sentence. The trial judge adhered to his original ruling and did not allow trial defense counsel to lay a foundation for the witness's testimony. Appellant cites this ruling as error.

Both the trial judge and the trial defense counsel were relying on valid principles. Clearly, opinion testimony about what sentence a court-martial should adjudge is not admissible. Such opinions are not "helpful to ... the determination of a fact in issue" since they "amount to little more than choosing up sides." Fed.R.Evid. 701, Advisory Committee note.[1] *See United States v. Randolph,* 20 M.J. 850 (A.C.M.R. 1985); *see also* Fed.R.Evid. 704, Advisory Committee note. In addition, such opinions pose the danger of unfair prejudice, confusion of the issues, and waste of time. Mil.

---

1. Federal Rule of Evidence 701 is identical in substance to Military Rule of Evidence 701, which provides that opinion testimony of lay witnesses "is limited to opinions ... which are ... helpful to ... the determination of a fact in issue."

R.Evid. 403.[2] It is equally clear that an accused is entitled to present competent evidence regarding the effect a particular sentence or punishment will have on him. This is the practical application of the concept of individualized and balanced sentence consideration, which is basic in our system of military justice. *See United States v. Weatherford,* 42 C.M.R. 26 (CMA 1970). *See also United States v. Lania,* 9 M.J. 100 (C.M.A.1980); *United States v. Mamaluy,* 27 C.M.R. 176 (CMA 1959); *United States v. Cross,* 19 M.J. 973 (A.C.M.R.1985) (Wold, S.J., dissenting). As usual, the difficult task is the application of principles to practice. *Compare United States v. Jenkins,* 7 M.J. 504 (A.F.C.M.R.), *pet. denied,* 7 M.J. 328 (C.M.A.1979), and *United States v. Lucas,* 32 C.M.R. 619 (ABR 1962), *with United States v. Donnelly,* 13 M.J. 79 (C.M.A.1982), *United States v. Konarski,* 8 M.J. 146 (C.M.A.1979), and *United States v. Vogel,* 37 C.M.R. 462 (CMA 1967).

Since it is the exercise of discretion by a trial judge which we are testing, appellant is entitled to no relief unless that discretion was abused. *See United States v. Combs,* 20 M.J. 441 (C.M.A.1985); *United States v. Brenizer,* 20 M.J. 78 (C.M.A.1985). (With respect to our review of the trial judge's application of Rule 403, we may have the power, or even be obliged, to apply Rule 403's balancing test *de novo* and substitute our judgment for that of the trial judge.[3] In the case at bar, we reach the same result whether we apply the abuse of discretion standard or review the Rule 403

issues *de novo*.) Whether an abuse of discretion occurred in this case depends on what message appellant was trying to send to the members and what inference the members were likely to draw from the testimony in question. The trial judge, positioned as he was to observe and interpret nuances of communication, had the best opportunity to make these determinations.

Although testimony in this area frequently tends to be ambiguous, the case at bar involved no ambiguity. The trial defense counsel informed the trial judge of the substance of the information he sought to introduce. If he had been allowed to proceed, the members would have received information about the impact of confinement on appellant's rehabilitation. The trial judge simply misinterpreted the nature of the testimony which had been offered and, as a result, he excluded testimony which was relevant to appellant's sentence without any valid basis for doing so. This was clearly an abuse of discretion.[4]

II

Appellant's company commander, testifying in rebuttal, stated that he would be unwilling to work with appellant in the same unit, in a different unit, or in combat. The trial defense counsel established through cross-examination that the witness's views were based solely on the offense of sodomy, would apply to any sodomist, and would not be affected by consideration of any mitigating or extenuating factors. Based on this showing, the trial

2. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

3. *See United States v. Martin,* 20 M.J. 227, 230–231 (C.M.A.1985) (Cox, J., with Everett, C.J., concurring in the result); *but cf. United States v. Owens,* 21 M.J. 117, 124–125 (C.M.A.1985) (CMA tests trial judge's determination of Rule 403 issue for abuse of discretion; "broad discretion" of trial judge noted); *United States v. Shields,* 20 M.J. 174, 176 (C.M.A.1985) (Cox, J., with Everett, C.J., concurring in the result)(CMA review

of Rule 403 determination limited to deciding whether trial judge abused his discretion). The reason for the difference between the standard of review posited in *Shields* and that applied in *Owens* and *Combs* would appear to be the possession of fact-finding powers by the courts of military review and the absence of such powers in the Court of Military Appeals.

4. Counsel at trial are cautioned to be specific in their questions of witnesses in this area so as to ensure that only admissible evidence is offered. Trial judges should encourage clarity in both questions and answers in order to ensure that the proceedings are not marred by confusion or the consideration of improper matters.

defense counsel unsuccessfully moved to strike the commander's testimony on the ground that the witness's responses were "not based on the accused, rather they're based on the offense."

In support of his assertion that the judge's ruling was in error, appellant has cited cases for the familiar proposition that the members of a court-martial may not have an inelastic attitude toward punishment. This requirement does not apply to witnesses. Competence to testify is governed exclusively by Military Rules of Evidence 601–603 and 605–606. *United States v. Allen*, 13 M.J. 597 (A.F.C.M.R.), *pet. denied*, 14 M.J. 174 (C.M.A.1982). Arbitrariness is not among the grounds for disqualification as a witness.

The real issue in this instance is substantially the same as that discussed in Part I above. The specific questions we must answer are whether the company commander's testimony was relevant and, if so, whether its probative value outweighed its prejudicial effect.

Assuming, without deciding, that these issues were preserved by the trial defense counsel's objection,[5] we hold that the trial judge did not err by allowing the testimony to stand. The testimony was such that at least three messages could be inferred:

(1) that the witness would vote for a punitive discharge if he were a member of the court-martial;

(2) that the presence of a sodomist in a military unit creates so many or such serious military problems that the witness would prefer not to serve in such a unit; or

(3) that the witness has a personal aversion to sodomists which would make him uncomfortable serving with one (and, by extension, that other soldiers feel the same).

Other rational interpretations exist as well. Some are proper matters for consideration by a sentencing authority and some are not. Of those enumerated above, which are by far the most likely inferences, only the first is improper.

Military Rule of Evidence 403 dictates exclusion of evidence only if the balancing process results in a determination that its probative value will be substantially outweighed by its prejudicial effect. Here, we find that the prejudicial effect of the inferences to be drawn from the testimony in question did not outweigh their proper probative value. This being the case, the judge's ruling obviously was not an abuse of discretion and would be sustained on *de novo* review as well.

## III

■ During cross-examination of appellant's company commander, the trial defense counsel attempted to determine whether the witness had any information which would indicate whether appellant's act of sodomy was an aberration or part of appellant's normal pattern of behavior. The trial judge sustained an objection. Since the trial defense counsel was entitled to elicit facts bearing on his client's propensity or lack of propensity for similar misconduct,[6] the trial judge's ruling was error.

---

5. Counsel at trial must be alert to state their motions, their objections, and the grounds therefor with particularity and to do so in a timely manner. Failure to do so will result in waiver in all but the most unusual situations. *See* Mil.R.Evid. 103. *See also United States v. Wade*, 1 M.J. 600 (A.C.M.R.1975), *pet. denied*, 5 M.J. 91 (C.M.A.1978).

6. *See* Mil.R.Evid. 404(a)(1). Here the evidence of a trait of appellant's character was not being offered to "prov[e] that [appellant] acted in conformity therewith on a particular occasion" and that even if it had been, it was being offered by the accused. *See also United States v. Lania*, 9 M.J. 100, 104 (C.M.A.1985) ("[T]he character

and propensities of the accused, as demonstrated by the evidence in the case," are relevant in determination of appropriate sentence.); *United States v. Carpenter*, 1 M.J. 384, 386 (C.M.A.1976) ("[C]haracter evidence is relevant to ... adjudgment of an appropriate sentence."); *United States v. Pooler*, 18 M.J. 832, 833 (ACMR 1984)("[A] person's attitude toward the crime of which he has been convicted is directly related to that offense. Evidence of the offender's attitude toward similar offenses, past or future, is reliable circumstantial evidence, and often the only available evidence, on this issue. The relevance to the sentencing process of an offender's attitude toward his offenses can hardly be exaggerated."); Dept. of Army, Pamphlet No. 27–9,

Appellant was sentenced for an offense which stirs strong emotions in most people. Whether appellant's offense was an aberration or part of his normal pattern of behavior was potentially crucial to the court's evaluation of an appropriate sentence. We hold that suppression of the trial defense counsel's inquiry in that area prejudicially affected the sentence proceedings, at least when coupled with the other error we have noted.

## IV

Appellant also contends that he was prejudiced in a variety of ways involving unlawful command influence. We hold that General Anderson was not disqualified to refer the case to trial. *See United States v. Treakle,* 18 M.J. 646, 654–55 (A.C.M.R. 1984), *pet. granted,* 20 M.J. 131 (C.M.A. 1985). With respect to unlawful command influence on witnesses, appellant's case involves essentially the same supporting evidence and contentions which were before us in *United States v. Anderson,* 21 M.J. 670, (A.C.M.R.1985). As in *Anderson,* appellant has failed to raise the issue. In fact, appellant produced extensive character evidence during both the merits stage of the trial and during the sentencing proceedings, enough to convince us that he was in fact deprived of no character evidence by General Anderson's actions. *See United States v. Arthurs,* 21 M.J. 686, (A.C.M.R.1985).

The fact that favorable character evidence was before the court on findings brings into play our recent holdings in *United States v. Montesinos,* 21 M.J. 679, (A.C.M.R.1985), and *United States v. Kildare-Marcano,* 21 M.J. 683, (A.C.M.R. 1985). We will order an evidentiary hearing to resolve the issue thus raised, *i.e.,* whether the findings were prejudicially affected by unlawful command influence on the members to discount favorable character evidence.

Military Judges' Benchbook, para. 2–54 (May 1982)("[P]rotection of society from the wrong-

Because of our disposition of the issues discussed above, the remaining assignments of error are moot.

The sentence is set aside. The record of trial is returned to The Judge Advocate General for submission to a different convening authority who will order a limited evidentiary hearing pursuant to *United States v. Ray,* 43 C.M.R. 171 (C.M.A.1971). At this hearing, the military judge will receive evidence and make findings of fact on the following questions:

(1) whether the members at appellant's trial heard General Anderson's message and, if so, what they understood it to be;

(2) whether any member recalled or considered these policies during appellant's trial;

(3) whether any member drew the inference that it was General Anderson's policy that court members should disregard favorable character evidence;

(4) whether General Anderson's policies were discussed by the members during deliberations or at any time during appellant's trial; and

(5) whether any member was actually influenced in deciding the findings in appellant's case.

*See Treakle,* 18 M.J. at 659. After the military judge has heard the evidence and made findings of fact, the record of the proceedings will be returned to this court for our consideration of the validity of the findings. Alternatively, if the convening authority determines that such a hearing is impracticable, he may set aside the findings of guilty and order a rehearing on findings and sentence.

FELDER, J., concurs.

NAUGHTON, Judge, concurring:

I agree with parts I–III of Senior Judge Wold's opinion. With respect to part IV, I note that although I may disagree with some of the holdings in *United States v. Cruz* and *United States v. Treakle,*[1] I

doer" and "deterrence of the wrongdoer" are relevant to sentencing.).

1. *See United States v. Cruz,* 20 M.J. 873, 894

agree that Senior Judge Wold has correctly articulated those holdings and correctly applied them to the case at bar.

(A.C.M.R.1985) (en banc) (Naughton, J., dissenting) and *United States v. Treakle,* 18 M.J. 646, 661 (A.C.M.R.1984) (en banc) (Naughton, J., concurring), *pet. granted,* 20 M.J. 131 (C.M.A. 1985).