**UNITED STATES, Appellee,**

v.

**Private E–1 Kenneth ANDERSON, 335–56–1213, United States Army, Appellant.**

**CM 443474.**

U.S. Army Court of Military Review.

21 March 1988.

*Selke,* 4 M.J. 293 (C.M.A.1978) (Cook, J., dissenting in summary disposition).

For Appellant: Lieutenant Colonel Charles A. Zimmerman, JAGC, Major Dale K. Marvin, JAGC, Captain Brian D. DiGiacomo, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Jody M. Prescott, JAGC (on brief).

Before FELDER, GILLEY, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT
## ON REMAND

PER CURIAM:

Appellant was tried at Frankfurt, Germany, by a military judge serving as a general court-martial on 7 September 1982. Despite his pleas, he was found guilty of two counts of larceny and one of assault in violation of Articles 121 and 128 of the Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 921 and 928 (Supp. I 1983). He was sentenced to a dishonorable discharge, confinement for three years and six months, total forfeitures and reduction to Private E-1. The convening authority approved the sentence. On 31 August 1983, this court affirmed the findings and sentence in an unpublished opinion. *United States v. Anderson*, CM 443474 (A.C.M.R. 31 Mar. 1983). The Court of Military Appeals initially denied appellant's petition for grant of review but later granted appellant's motion for reconsideration and remanded the case to this court for review of the issue of command influence. On 24 December 1985, this court again affirmed the findings and sentence. *United States v. Anderson*, 21 M.J. 670 (A.C.M.R.1985). Appellant filed a petition for grant of review, which was granted by the Court of Military Appeals. On 19 August 1987, that court set aside our decision and the case was returned to The Judge Advocate General for remand to this court for further review consistent with the decision in *United States v. Thomas*, 22 M.J. 388 (C.M.A.1986).

In *United States v. Thomas*, 22 M.J. 388, the Court of Military Appeals relying on this court's decision in *United States v. Treakle*, 18 M.J. 646 (A.C.M.R.1984), that command influence was present in the 3d Armored Division, reviewed four cases to determine if the remedial actions taken by this court to eliminate the prejudicial impact of unlawful command influence were appropriate and adequate. *United States v. Thomas*, 22 M.J. at 393. The court concluded that the sentence rehearings, and the reassessment of sentences undertaken were adequate and appropriate remedies.

In reviewing this case, which also arose during the time of unlawful command influence in the 3d Armored Division, this court cannot properly affirm the findings and sentence unless we are persuaded beyond a reasonable doubt that the findings and sentence have not been affected by the command influence. *United States v. Thomas*, 22 M.J. at 394. In making this determination, we must consider whether the government has met its heavy burden in "establishing that the defense access to witnesses was not impeded by command influence to the extent that it affected the results of trial." *Id.*, at 396. Also, we must decide whether favorable evidence in extenuation and mitigation was curtailed by the command influence. *Id.* at 397.

In *Thomas*, 22 M.J. at 396–397, the Court of Military Appeals listed several approaches which the government could take to meet its burden. In this case we find that the government has met its burden by demonstrating from the appellant's "military record and otherwise that there was no evidence of good character available [and] that readily available rebuttal evidence of bad character would have been so devastating that, as a tactical matter, the [appellant] could not have afforded the risk of putting his character in evidence." *Id.* Though there were no character witnesses for the appellant on findings or sentencing, the record shows four punishments under

Article 15, UCMJ, for willful disobedience of an order, use of disrespectful language on two occasions, and absence without leave. Furthermore, although not charged with the assault, there was testimony during the merits of the trial regarding an attack by the appellant on the victim of the larceny alleged in the additional charge. These military records and the other evidence at trial indicate that there simply was no evidence of good character available and any attempt to put the accused's character in evidence could have been sufficiently rebutted.

We also find that the "prosecution's evidence at trial" was so overwhelming that character evidence would not have been effective. *See United States v. Thomas,* 22 M.J. at 396–397. Therefore, we are persuaded beyond a reasonable doubt that the findings and sentence have not been affected by the command influence.

Accordingly, the findings of guilty and the sentence are affirmed.