**UNITED STATES, Appellee,**

v.

**Private E–2 Charles E. GATES, 554–23–8281, United States Army, Appellant.**

**SPCM 21700.**

U.S. Army Court of Military Review.

31 Dec. 1985.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Major Stephen R. Dooley, Captain Pamela G. Montgomery, JAGC (on brief).

For Appellee: Lieutenant Colonel Adrian J. Gravelle, JAGC.

Before COMEAU, WATKINS, and LYMBURNER, Appellate Military Judges.

OPINION OF THE COURT

COMEAU, Senior Judge:

In this special court-martial in which a bad-conduct discharge was adjudged and approved, the appellant has submitted the case upon its merits to this Court, but asks us to correct the promulgating order because it failed to cite the original convening order. Our action on that request requires some explanation.

## I. Citation of Convening Orders

█ The charge sheet shows referral to the special court-martial convened by Court-Martial Convening Order (CMCO) Number 40, dated 3 May 1985. On 1 July 1985, CMCO Number 53 was issued. It contained a so-called "pick-up clause" which transferred appellant's case to a new special court-martial. Trial was held on 11 July 1985. Both orders were correctly included in the record of trial. The promulgating order correctly cited CMCO Number 53 but did not cite CMCO Number 40. Because no proceedings in this case were held before the court-martial convened by CMCO Number 40, we find that omission of CMCO Number 40 from the promulgating order was not erroneous and, indeed, was consistent with administrative guidance issued to the field recently by the Clerk of this Court.[1] Accordingly, we will not make the requested correction.

█ Our examination of these orders does, however, reveal an error which requires correction. The promulgating order must set forth the command by which the court-martial was convened. Rule for Court-Martial (RCM) 1114(c)(1). In this case, the promulgating order, consistent with the convening authority's action, was issued by *Headquarters, 101st Airborne Division (Air Assault) and Fort Campbell* (emphasis added), and cited CMCO Number 53, "this headquarters." CMCO Number 53 was, in fact, issued by *Headquarters, 101st Airborne Division (Air Assault)* (emphasis added). We will correct the promulgating order to show the command by which the court-martial was convened. Because our corrective action, on its face, raises the question whether a proper individual took action on the sentence under RCM 1107(a), we will address that issue.

## II. Jurisdictional Authority

The commanders of three commands at Fort Campbell can exercise general court-martial jurisdiction.[2] The Commander, 101st Airborne Division (Air Assault) has statutory authority as a division commander under Article 22(a)(3), Uniform Code of Military Justice, 10 U.S.C. § 822(a)(3) (1982) [hereinafter cited as UCMJ]. The Commander, Fort Campbell, has designated authority under Department of the Army General Order Number 10, issued 9 April 1981 pursuant to Article 22(a)(6), UCMJ. The Commander, 101st Airborne Division (Air Assault) and Fort Campbell, has designated authority under Department of the Army General Order Number 3, issued 19 January 1981 pursuant to Article 22(a)(6), UCMJ. Except under relatively unusual circumstances, such as when the division or its command group is deployed away from the installation, these three organizations are commanded by one individual who obtains his legal advice from one staff judge advocate; for most administrative purposes, both use the combined headquarters designation. Because of the Army's need for a rapid deployment capability in its combat divisions, however, the distinction is an important one and it is for this reason that the viability of all three sources of authority is maintained.[3]

---

1. Messages from the Clerk of Court, U.S. Army Judiciary, 1985 Annual JAG Conference.

2. In the Army, a bad-conduct discharge may not be adjudged by a special court-martial unless it has been convened by an officer exercising general court-martial jurisdiction (or by certain other authorities not relevant here). Army Regulation 27-10, Legal Services: Military Justice, paragraph 5-24b (1 July 1984). This limitation is contained in the same paragraph in the current update, dated 10 December 1985.

3. When, for example, a division such as this deploys on Exercise REFORGER, it is common for the commander of the combined head-quarters to transfer pending cases to the commander of the installation (usually the ranking colonel, who will command the remaining garrison troops) as the division deploys. That way, those cases can be processed in a timely fashion under the installation commander's designated authority and any cases which arise in the deployed division can be processed overseas under the division commander's statutory authority. When the division returns to home station and the division commander assumes command of the combined headquarters, all pending cases can be transferred back to that headquarters by appropriate documentation.

### III. Factual Background

The charge sheet (R.14) shows referral on 24 May 1985 by command of Major General Thompson to a court-martial convened by division CMCO Number 40. On 1 July 1985, division CMCO Number 53, transferring the case to another court-martial, was issued by command of Major General Patrick.[4] The trial counsel cited both of these division orders (R.2) and announced that the charges were referred by Major General Thompson, the division commander, as convening authority (R.15). Later the trial counsel noted that "Major General Patrick assumed command of this Division from General Thompson" (R.97) and that "the new Commanding General, General Patrick, disapproved the request for Chapter 10, 1 July." (R.98). On 9 July 1985, appellant's offer to plead guilty, unaddressed but obviously submitted to the general court-martial convening authority by appellant and his defense counsel, was accepted by "Burton D. Patrick, Major General, USA, Commanding." On 14 August 1985, the staff judge advocate of the combined headquarters submitted recommendations to the commander of the combined headquarters. On 22 August 1985 Major General Patrick took action under the heading of the combined headquarters, and the promulgating order of that date bears the same heading.

### IV. Action by Convening Authority

The record of trial and related documents in this type of case must be sent for action to the person exercising general court-martial jurisdiction over the accused at the time the court was convened or to that person's successor in command. Article 64(b), UCMJ, 10 U.S.C. § 864(b). The Code permits action, under regulations of the Secretary concerned, by a commissioned officer commanding for the time being, a successor in command, or any person exercising general court-martial jurisdiction. Article 60(c)(1), UCMJ, 10 U.S.C. § 860(c)(1). The apparent liberality of this

section is limited, however, by RCM 1107(a), which permits action by a convening authority other than the one who convened the court-martial only when action by the latter is impracticable. The discussion of that rule describes impracticability as a situation arising from the deactivation or deployment of the original convening authority's command or from the disqualification of that officer. None of those circumstances existed here and the record before us shows no forwarding of the case to another convening authority.

The lead cases in this area focus on the authority to refer cases to trial. *United States v. Masterman*, 46 C.M.R. 250 (C.M. A.1973) (unit in Vietnam reduced to zero strength and absorbed in another unit); *United States v. Goudge*, 39 C.M.R. 324 (A.C.M.R.1968) (integration of a training center and its host installation into a combined command). In each of those cases, the commander of the new organization, although not yet designated to convene general courts-martial as the new organization's commander, was held to have had that authority as the commander of the original organization and to have acted in that capacity. Following the rationale of these cases and that of *United States v. Schroeder*, 47 C.M.R. 430 (A.C.M.R.1973), we come to a similar conclusion.

The record of trial must be read as a whole. The facts described in section III, *supra*, satisfy us that Major General Patrick convened appellant's court-martial under his statutory authority as the division commander and remained the division commander at all times relevant to actions in connection with appellant's case. We view his initial action on the record of trial as having been taken with full authority within the purview of his original convening order, and hold that the contrary headings on that action and on the promulgating order are not controlling.

---

4. Neither convening order cites the underlying authority to convene, and need not do so when

that authority is statutory. RCM 504(d)(2).

The findings of guilty and the sentence are affirmed.

Judge WATKINS and Judge LYMBURNER concur.